IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GREG THRASHER,** | ) | **CASE NO. 8:07CV400** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **GRIP-TITE MANUFACTURING, Co., Inc.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is presented to the Court by agreement of the parties on the Plaintiff's Motion for Preliminary Injunction (Filing No. 1) and the Defendant's Motion to Dismiss, or in the Alternative, to Transfer. (Filing No. 12). The accelerated briefing schedule that was determined by agreement of the parties has been completed, and the matters are ripe for decision.

Plaintiff Greg Thrasher is the owner of Thrasher Basement Services, Inc. His relationship with the Defendant, Grip-Tite Manufacturing Company, Inc. ("Grip-Tite") commenced in 1986 when he began to purchase materials from Grip-Tite. In 1991, Thrasher became a licensed dealer for Grip-Tite. (Filing No. 1, Affidavit of Greg Thrasher, ¶¶ 2, 4; Ex. 1) The licensing agreement is not the subject of this action.

On May 1, 1998, Thrasher and Grip-Tite executed a second contract that will be referred to as the Development Contract. (*Id.* Ex. 3; and Complaint, Ex. 1, hereafter "Agreement.") The Agreement contains a provision through which Grip-Tite seeks to restrict Thrasher's employment options upon conclusion of the parties' relationship. (Agreement ¶ 9). In his Complaint, and in the Motion for Preliminary Injunction, Thrasher seeks a declaration that the non-compete clause that is contained in the Development

Agreement is not enforceable. Grip-Tite argues that before the Court reaches the merits of the argument, its motion to dismiss or in the alternative to transfer must be addressed, because the parties agreed to litigate issues relating to the Development Agreement in Iowa. (Agreement ¶ 17). Grip-Tite argues that the mandatory venue provision requires this Court to transfer this matter to the District of Iowa.

**The Contract Provisions**

>  The non-compete provision that is the subject of the Complaint states in part:

> NON-COMPETE. Thrasher agrees that he will not, at any location within the United States or Canada, during the term of this Agreement or for a period of two (2) years after termination of this Agreement . . . directly or indirectly: (i) act as a sales representative, dealer or distributor for, or offer for sale any items of a nature similar to, or competitive with, the Product; (ii) act as an advisor or consultant to any person or firm engaged in the business of manufacturing or distributing items of a nature similar to, or competitive with, the Product; or (iii) hold or maintain any financial or ownership interest in any person or firm engaged in the business of manufacturing or distributing items of a nature similar to or competitive with, the Product. Thrasher acknowledges that the restrictions against competition set forth herein are fair and reasonable restrictions that provide necessary protection of Grip-Tite's business interests. . . .

Paragraph 16 states:

> GOVERNING LAW. This Agreement shall be construed and governed in accordance with the laws of the State of Iowa.

Paragraph 17 states:

> EXCLUSIVE JURISDICTION. The parties agree that any action arising out of or in any manner related to this Agreement or the relationship established thereunder, whether initiated by Grip-Tite or by Thrasher, shall be instituted only in the Iowa District Court in and for Madison County, Iowa, or in the United States District Court for the Southern District of Iowa, and Thrasher thereby irrevocably submits to the jurisdiction of such courts and waives an[y] objection Thrasher may have to either the exclusive jurisdiction or venue of such courts.

(Agreement ¶¶ 9, 16, and 17).

## *ANALYSIS*

Although the Plaintiff's Motion for Preliminary Injunction was first-filed, the Court finds that the motion to dismiss or to transfer based on allegedly improper venue should be considered first. This sequence has been approved by the Eighth Circuit Court. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

### *Applicable Law*

In this diversity case, the Court must consider whether state or federal law applies to determine whether the forum selection clause is enforceable. Grip-Tite contends that federal law applies, and Thrasher contends that the law of the forum state, Nebraska, should apply. (Filing No. 13, p. 4; No. 16 p. 2). Neither party contends that Iowa law, which is specified as governing the contract, applies.[1] The Eighth Circuit Court has held that the enforceability of a forum selection clause in a contract action based on diversity jurisdiction appears to be determined by federal law, though in limited circumstances, state law relative to the enforceability of forum selection clauses needs to be considered.[2]

---

[1] In that particularity, the case is similar to *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2nd Cir. 2007), in which the Second Circuit applied federal law.

[2] In addressing whether federal or state law applies, the Eighth Circuit Court stated in 2006, that:

Because "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue," *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068-69 (8th Cir.1986), there is some disagreement among the circuits over whether state or federal law applies, *see M.B. Restaurants*, 183 F.3d at 752 n. 4 (collecting cases), and we have yet to adopt a definitive position on the issue. *Id.*; *Rainforest Café*, 340 F.3d at 546. Nor must we do so here, since both Arkansas and Florida follow the federal standard announced by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), *see, e.g., Nelms v. Morgan Portable Bldg. Corp.*, 305 Ark. 284, 808 S.W.2d 314, 316-17 (1991); *Manrique v. Fabbri,* 493 So.2d 437, 440 (Fla.1986), and neither party argues that the application of one or another body of law would materially affect the outcome. *See  M.B. Restaurants,* 183 F.3d at 752 (avoiding *Erie* question and applying federal law to determine enforceability of forum selection clause where parties did not argue federal and state standards differed). Thus, for purposes of this appeal, we apply the standard announced in *Bremen* and adopted by the highest courts of Florida and Arkansas, while

Thus, as an initial inquiry, the Eighth Circuit Court has considered whether there is a difference between state and federal law relative to the enforceability of forum selection clauses, and, where it has found no significant difference between state and federal law, the Eighth Circuit Court has considered the issue under federal law.  See *Servewell Plumbing, LLC v. Federal Ins. Co.,* 439 F.3d 786, 788-89 (8th Cir. 2006).  In this case, the Court finds that there are some minor differences in how the state of Nebraska analyzes venue issues, but that there are no material differences between the manner the parties' forum selection clause would be evaluated under federal law on one hand and under Nebraska and Iowa law on the other hand. Both Nebraska and Iowa courts have upheld forum selection clauses after considering their validity in light of *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972),[3] and neither state has articulated a policy against enforcement of forum selection clauses.  Accordingly, this Court will rely on the analytical framework set forth in *M/S Bremen*.

---

considering state substantive law when called for under that standard.  *See Farmland Indus.,* 806 F.2d at 852. *Servewell Plumbing, LLC v. Federal Ins. Co.,* 439 F.3d 786, 789 (8th Cir. 2006).

[3] The Nebraska Supreme Court has stated: "Absent a showing that 'trial in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will ... be deprived of his [or her] day in court[,] there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his [or her] bargain.'"  *Ameritas Inv. Corp. v. McKinney*, 694 N.W.2d 191, 199 (Neb. 2005) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)).

The Iowa Supreme Court has upheld the validity of forum selection clauses.  *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000).  Recently, the Iowa Court of Appeals has stated that "[i]n order for the forum selection clause to be unenforceable, the renters must establish that 'enforcement would be unreasonable and unjust' or that the clause is 'invalid for such reasons as fraud or overreaching.  It is 'incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Liberty Bank, F.S.B. v. Best Litho, Inc.* 737 N.W.2d 312, 315 (Iowa App. 2007)(quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

4

### *Enforceability of the Forum Selection Clause under Bremen*

*M/S Bremen* identifies four factors to consider in evaluating the enforceability of a forum selection clause: whether the forum selection clause covers the claim presented; whether the clause is mandatory or permissive; whether it is the result of fraud or overreaching; and whether the non-compete is invalid for some other reason.

There is no dispute that if the forum selection clause is enforceable, then it applies to Thrasher's claim. The non-compete provision that is the subject of Thrasher's claim for declaratory relief is part of the Development Agreement. The forum selection clause applies to "any action arising out of or in any manner related to this [Development] Agreement or the relationship established thereunder." In addition, the Court finds that the forum selection clause in this case is mandatory rather than permissive. The clause contains language, including references to "only" and "exclusive," that undeniably establishes the clause as mandatory. *See Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003).

With regard to forum selection clauses in contracts between parties of equal bargaining strength, the Eighth Circuit Court has stated:

> Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid. . . . Where . . . the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially "heavy burden of proof" to avoid its bargain. Only "some compelling and countervailing reason" will excuse enforcement of a bargained-for forum selection clause.

*Servewell,* 439 F.3d at 789 (quoting *M/S Bremen*, 407 U.S. at 15, citations omitted).

If a forum selection clause was obtained by fraud or is the product of overreaching, courts will not enforce it as unjust and unreasonable. In this case, there is no evidence

5

and indeed there is no argument that the clause was included in the contract based on fraud or overreaching. There is no evidence that the contract between Thrasher and Grip-Tite was the result of anything other than an arm's length negotiation between persons who possessed a similar level of sophistication in commercial and business matters. Thus, the forum selection clause is presumptively valid, and an Iowa state or federal court is the presumptively proper venue for this action.

### *Invalidity Based on Public Policy of the Forum State*

In the face of this presumption, Thrasher bears the heavy burden of showing that enforcement of the clause is invalid for some other reason. The Eighth Circuit Court has rejected arguments that the high costs of litigation in another forum, and inconvenience to parties and witnesses of having to litigate in another forum, are sufficient reasons to invalidate a mandatory selection clause. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 753 (8th Cir. 1999); *Servewell Plumbing, LLC v. Federal Ins. Co.,* 439 F.3d 786, 790 (8th Cir. 2006). However, invalidation of a forum selection clause is not without precedent. Where the plaintiff in an *in rem* proceeding challenged a forum selection clause, and the real property that was the subject of the complaint was located in the forum selected by the plaintiff, at least one court has refused to enforce the forum selection clause based on the superior interest of the forum state. *RMP Rentals v. Metroplex, Inc.*, 146 S.W.3d 861, 864 (Ark. 2004)(relying on *M/S Bremen* and holding that "[o]nly an Arkansas court has subject matter jurisdiction to enforce the liens and to order foreclosure on real property located within [Arkansas'] borders.")

Thrasher argues that he should be relieved of the forum selection clause because transfer of this case to Iowa would result in an outcome that goes against the long-held public policy of the state of Nebraska. Thrasher contends that enforcement of the forum selection clause would mean that this case would be transferred to Iowa; the Iowa court will enforce the choice of law provision in the Development Agreement, which is Iowa law. If Iowa law is applied to the claim that Thrasher has presented, then the non-compete clause will be enforced in whole or in part because Iowa permits its courts to reform non-compete provisions to make them lawful.[4]

Thrasher argues that Nebraska has a greater material interest in this case than does Iowa because the majority of the personal services that are the subject of the contract were performed in Nebraska, not Iowa. Thrasher contends that because of Nebraska's superior interest, Nebraska law should be applied to determine the validity of the non-compete clause. If Nebraska law applies, then Thrasher believes that he is likely to succeed on the merits of his action because the non-compete clause contained in the Development Agreement would be found to be unreasonable and overbroad, and would not be enforced

---

[4] Iowa courts have held: that covenants not to compete are unreasonably restrictive unless they are tightly limited as both time and area, *Pathology Consultants v. Gratton,* 343 N.W.2d 428, 434 (Iowa 1984); that where a covenant is found to be unduly restrictive, the court has the authority to modify that covenant, *Ehlers v. Iowa Warehouse Co.*, 188 N.W.2d 368, 373-74 (Iowa 1971); and that the duration of a restrictive covenant typically ranges from two to three years, and that restrictive employment covenants beyond five years have not been enforced, *Rasmussen Heating & Cooling, Inc. v. Idso,* 463 N.W.2d 703, 705 (Iowa App.1990). *See Phone Connection, Inc. v. Harbst* 494 N.W.2d 445, 450 (Iowa App. 1992).

7

as against public policy under Nebraska law.[5]  Nebraska law does not permit courts to reform a non-compete provision.  Under Nebraska law, Thrasher believes he would prevail.

Grip-Tite argues that the validity and enforceability of the forum selection clause should be determined independently of the enforceability of the contract's choice of law provision.  For the forum selection clause to be found invalid, Grip-Tite argues that Thrasher's burden is to show that enforcement of the forum selection clause is against Nebraska's public policy, regardless of the outcome of the non-compete.  In response, Thrasher argues that the separate and independent analysis that Grip-Tite suggests would eliminate any consideration of public policy of the forum state, Nebraska, and would effectively deprive Thrasher of his day in court, which is an outcome that warrants setting aside the forum selection clause according to *Bremen*.

"A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 16.  While there is a risk that the non-compete clause may be enforced in whole or in part, that result is not preordained, and that result would only follow, if it does follow, only after a conflicts of laws analysis has been conducted with consideration to the facts and the states' (potentially) competing interests.

---

[5] Nebraska courts have held: that a covenant not to compete in an employment agreement "may be valid only if it restricts the former employee from working for or soliciting the former employer's clients or accounts with whom the former employee actually did business and has personal contact," *Polly v. Ray D. Hilderman & Co.,* 407 N.W.2d 751, 756 (Neb. 1987); that whether a covenant not to compete is reasonable with respect to its duration and scope is dependent upon the facts of each particular case, but an unreasonable covenant not to compete is of no effect; *Presto-X-Company v. Beller*, 568 N.W.2d 235, 240 (Neb.1997); and that Nebraska jurisprudence "reflects a consistent refusal to strike or alter the language of an integrated covenant not to compete in order to make it enforceable," *H & R Block Tax Servs. v. Circle A Enters.*, 693 N.W.2d 548, 553 (2005).

The Court finds that enforcement of the forum selection clause will not necessarily lead to contravention of Nebraska public policy. That conclusion is based on the fact that both Nebraska and Iowa follow the Restatement (Second) of Conflicts of Laws. In a 2006 case from the Southern District of Iowa, the United States District Court recognized that "[f]ederal district courts must apply the choice of law rule of the forum state [when] . . . sitting in diversity.. . ." and recognized that "[t]he Iowa Supreme Court has adopted the Second Restatement of Conflicts to govern choice-of-law questions. . ." *Bendzak v. Midland Nat'l Life Ins. Co.*, 440 F. Supp. 2d 970, 983 (S. D. Iowa 2006)(citing with approval *DCS Sanitation Mgmt. Inc., v. Castillo*, 435 F.3d 892, 895 (8th Cir. 2006) and *Cole v. State Auto & Cas. Underwriters*, 296 N.W2d 779, 781 (Iowa 1980).

The federal district court, whether for the District of Nebraska or for the Southern District of Iowa, will consider the conflict of laws issue presented in this case in conjunction with the principles with the Restatement (Second) of Conflicts of Laws Section 187, which states:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either:
>
> (a)   the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b)   application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties. . . .

9

However, Thrasher correctly argues that even though both Iowa and Nebraska have adopted Section 187, only Nebraska has expressly adopted Section 196. Thrasher argues that difference is significant because the Nebraska Supreme Court has found that Section 196 of the Restatement (Second) of Conflicts of Laws creates a "presumption that the state where services are to be performed is the state having the most significant relationship to the transaction when the issue is the validity of a covenant not to compete." *See Mertz v. Pharmacist Mut. Ins. Co.*, 625 N.W.2d 197, 203 (Neb. 2001). That Iowa has not addressed Section 196 does not dictate that Section 196 will not be considered by the federal district court in Iowa in determining whether Iowa or Nebraska law should apply.[6]

Thus, this Court is confident that the federal district court in Iowa will apply the positions espoused in the Restatement (Second) of Conflicts to determine whether the choice of law provision should be enforced, or whether to do so would be contrary to the public policy of the state that has the greater material interest, potentially Nebraska. For that reason, I conclude that this matter should be transferred.

Thrasher also argues that one of the fundamental precepts of the Restatement (Second) of the Conflicts of Laws is that the law of the forum state is given "primary and separate emphasis," and he relies on Section 6 for the principle that courts must "first consider the relevant policies of the forum" and then "contract those policies with those of other interested states." Section 6(2)(b). Because the Restatement's Section 187 is the beginning point of the choice of law analysis involving contract actions where the parties

---

[6] The court sitting in the Northern District of Iowa acknowledged that "the Supreme Court of Iowa generally adopts the positions taken by the Restatements." *Baedke v. John Morrell & Co.*, 748 F. Supp. 700, 707 (N. D. Iowa 1990). The federal district court applied South Dakota law in that tort action, even though the court acknowledged that the recovery of the plaintiffs, who were Iowa residents, might be completely barred under South Dakota law.

have included a choice of law provision in their contract, as is the case here, the reference to the "forum" state in the Restatement's Section 6 has less, if any relevance, to the analysis required. Section 187 requires the court to consider whether application of the law of the chosen state "would be contrary to a fundamental policy of a state which has a materially greater interest," without regard to the forum.  For this reason, Section 6 does not advance Thrasher's argument.

### *Conclusion*

The Court has concluded that  the forum selection clause in the parties' contract, which designates the United States District Court for the Southern District of Iowa as one of two mandatory forums, should be enforced.  The clause applies to the dispute that is the subject of the Complaint, and there has been no showing of fraud, overreaching, or other reason to invalidate the clause.  Thrasher's concern that the federal district court in Iowa will reach a different conclusion relative to the law to be applied to this controversy or to the ultimate issue regarding the enforceability of the non-compete clause is speculative, particularly given that both Iowa and Nebraska state law follow the Restatement (Second) of the Conflicts of Laws to determine whether to enforce the parties' choice of law provision.

Though a hearing was conducted on the Plaintiff's motion for preliminary injunction, no evidence was received at that time, and all the evidence offered in support and in opposition to the motion is part of the court file.  Resolution of the motion for preliminary injunction will require the conflict of laws analysis and consideration of the substantive law, and for that reason, this Court has decided to permit the Plaintiff's motion for preliminary injunction to remain pending for resolution by the transferor court.

IT IS ORDERED:

1. Plaintiff's Motion for Preliminary Injunction (Filing No. 1) remains pending for determination;

2. Defendant's Motion Dismiss (Filing No. 12) is denied;

3. Defendant's Alternative Motion to Transfer (Filing No. 12) is granted;

4. The case will be transferred to the United States District Court for the Southern District of Iowa, and the Clerk of the Court will take all steps necessary to accomplish the transfer.

DATED this 21st day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge